UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENERAL DYNAMICS ELECTRIC
BOAT CORP.,

      Plaintiff,

v.                                           CASE NO. 3:24-cv-387-WWB-MCR

MICKEY SKOBIC and JOANNE
SKOBIC,

      Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court on Defendants Mickey and Joanne Skobic's ("Defendants") Motion to Stay Discovery ("Motion"). (Doc. 27.) Therein, Defendants ask this Court for a protective order and stay of discovery pending the Court's resolution of their Motion to Dismiss General Dynamics Electric Boat Corp.'s ("Plaintiff") Complaint. (Doc. 19.) Upon consideration and for the reasons herein, the Motion is due to be **DENIED**.

## I. Introduction

Plaintiff filed its Complaint against Defendants on April 19, 2024, alleging "fraud/fraudulent concealment, civil conspiracy to commit fraud, aiding and abetting fraud, violations[,] and civil conspiracy in violation of the [RICO] Act. . . and the Florida Civil Remedies for Criminal Practices Act. . . and tortious interference and civil conspiracy to commit tortious

interference." (Doc. 1 at 1.) On June 18, 2024, Defendants answered with a Motion to Dismiss, arguing that Plaintiff's claims are improper as they (1) seek unlawful indemnity and chill free speech, (2) are time-barred, and (3) fail to state a claim upon which relief can be granted. (Doc. 19 at 2 – 24.) Plaintiff responded to Defendants' Motion to Dismiss, and Defendants later replied with leave. (Docs. 22 – 24.) On July 26, 2024, Defendants filed the present Motion, seeking to stay discovery. (Doc. 27.) Plaintiff responded in opposition ("Response") on August 9, 2024. (Doc. 30.)

## II. Parties' Arguments

### a. Defendants' Position

Defendants assert, *inter alia*, that good cause exists to stay discovery, arguing that Plaintiff's claims are out of time and contain pleading deficiencies under Federal Rule of Civil Procedure 9(b). (Doc. 27 at 6.) Further, Defendants anticipate filing counter claims which, according to them, will alter the scope of discovery. (Doc. 27 at 8.) Thus, Defendants find that "there is good cause to stay discovery until the parties are capable of crafting appropriate discovery in consideration of the scope of the claims at issue after the Court's order on motion to dismiss and Defendants' answer (if required)." (*Id.*)

Defendants add that "continuing with discovery at this stage" will considerably harm them while "the harm to EB by staying discovery is

virtually none." (*Id.* at 9.) In support, Defendants state that they are "retired blue-collar workers with minimal financial means," and Plaintiff's allegations would "force them to engage in expensive, expansive deposition discovery. . . and [a] review of years of the company's internal records." (*Id.*) Defendants also mention the burden that such discovery would impose on this Court and third parties in production. (*Id.*) Thus, Defendants posit that good cause exists and that the balance of harms favors staying discovery.

      b. <u>Plaintiff's Position</u>

In its Response, Plaintiff contends that "(1) no good cause exists for staying discovery; (2) [Defendants'] Motion to Dismiss will not dispose of the case; and (3) staying discovery is not in the interest of judicial economy." (Doc. 30 at 6.) In turn, Plaintiff's position is as follows.

First, Plaintiff offers that Defendants have not made a "specific showing of prejudice or undue burden," and that the burden, if any, rests on Plaintiff and third parties—not Defendants. (*Id.* at 7 (citation omitted).) To be clear, Plaintiff states that it is "prepared for discovery." (*Id.*)

Next, Plaintiff asserts that Defendants' Motion to Dismiss is not likely to dispose of this case, arguing that its claims are adequately pleaded and timely. (Doc. 30 at 8.) Plaintiff addresses each of its claims in turn, expounding on how each survive scrutiny.

Finally, Plaintiff contends that staying discovery is not in the interest

3

of judicial economy as "both parties have sufficient time to prepare to prosecute and defend claims, counterclaims, and defenses." (*Id.* at 13.) Regarding Defendants' potential counterclaims, Plaintiff states that discovery regarding those defenses and claims will commence as needed and should not be construed as limiting or delaying present discovery. (*Id.*) Thus, Plaintiff finds no reason to stay discovery at this stage.

### III. Standard

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

In addition, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has "'broad inherent power to

stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" *Ameris Bank v. Russack*, No. CV614-002, 2014 WL 2465203, *1 (S.D. Ga. May 29, 2014) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). In regard to stays of discovery, "the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

"In deciding whether to stay discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Id.*; *see also S.D. v. St. Johns Cnty. Sch. Dist.*, No. 3:09-cv-250-J-20TEM, 2009 WL 3231654, *2 (M.D. Fla. Oct. 1, 2009) (same)*; Allmond v. Duval Cnty.*, No. 3:08-cv-486-J-34TEM, 2008 WL 4833099, *1 (M.D. Fla. Nov. 5, 2008) (same). In deciding a motion for a stay, "it is necessary for the Court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.

Motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (citation omitted); *S.D.*, 2009 WL 3231654, at *2

5

(same); *see also* Middle District Discovery (2021) at Section I.E.4. (stating that "motions for stay are rarely granted"). However, "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

**IV.   Analysis**

A stay of discovery should be the exception rather than the rule. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). There is no general rule that discovery be stayed while a pending motion to dismiss is resolved. *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, *1 (M.D. Fla. Oct. 7, 2022). Indeed, such requests "are generally disfavored because they unreasonably delay the progress of the case and impede the Court's ability to manage discovery." *Tech Traders, LLC v. Insuladd Env't, Ltd.*, No. 6:18-cv-754-Orl-40GJK, 2018 WL 8369219, at *1 (M.D. Fla. Oct. 5, 2018). The party moving to stay discovery bears "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). Upon review, this Court finds that Defendants have failed to show such and that discovery should proceed for three reasons.

First, in their Motion, Defendants rely on *Chudasama*; however, their reliance is misplaced. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353

6

(11th Cir. 1997); (Doc. 27 at 4.) In *Chudasama*, the district court failed for more than a year and a half to rule on a motion to dismiss, and it repeatedly failed to rule on the defendant's objections to abusive discovery propounded by the plaintiffs. *Chudasama*, 123 F.3d at 1356–60; *see Pohl v. Charlotte Behavioral Healthcare, Inc.*, No. 2:20-CV-983-JES-NPM, 2021 WL 3037427, at *1 (M.D. Fla. July 19, 2021); *Miller's Ale H., Inc. v. DCCM Rest. Group, LLC*, No. 615CV1109ORL22TBS, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015). Here, the parties have barely begun discovery, as the Case Management and Scheduling Order was just entered September 4, 2024, which directed initial disclosures to occur "immediately." (Doc. 31 at 1.) Thus, unlike *Chudasama*, the "Court has not shirked or delayed the exercise of any of its responsibilities," rendering Defendants' Motion unpersuasive. *Miller's Ale H.*, Inc., 2015 WL 6123984, at *2; *see* Docs. 19, 22, 24, and 26 (indicating that Defendants' Motion to Dismiss fully ripened on July 24, 2024—less than two months ago).

Second, Defendants have failed to show good cause because a preliminary peak at the merits of their Motion to Dismiss does not obviously convince the Court that such will be granted. Instead, given the real disputes and various arguments presented in Defendants' Motion to Dismiss and Plaintiff's response thereto, the Court cannot find "an immediate and clear possibility that [the Motion to Dismiss] will be granted," in part or in its entirety, to justify a complete stay of discovery. *Feldman*, 176 F.R.D. at 652;

7

*see Koock v. Sugar & Felsenthal, LLP*, No. 8:09–cv–609–T–17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). Thus, without expressing any opinion as to final resolution of Defendants' Motion to Dismiss, which remain pending before the presiding District Judge, the undersigned is not convinced that such is "clearly case dispositive," or that the allegations of the Complaint are "especially dubious." *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, No. 6:22-CV-1312- WWB-LHP, 2023 WL 5985207, at *2 (M.D. Fla. Feb. 7, 2023); *see U.S. All Star Fedn., Inc. v. Open Cheer & Dance Championship Series, LLC*, No. 6:21-CV-2135-WWB-DCI, 2022 WL 20655920 (M.D. Fla. Aug. 29, 2022).

Third, Defendants have failed to show reasonableness as they do not make a "specific showing of prejudice or undue burden." Middle District Discovery (2021) § I.E.4. Rather, Defendants contend that their status as "retired blue-collar workers with minimal financial means" impedes them from engaging in "expensive, expansive deposition discovery" and prevents them from undertaking a "review of years of the company's internal records." (Doc. 27 at 9.) Defendants add that the burden on the Court and third parties would be great; however, that burden is not one that Defendants carry. Thus, upon focusing on the alleged prejudice or undue burden that would be imposed on *Defendants* and considering that discovery is in its initial phases, this Court finds that Defendants have failed to substantiate such discovery would be unduly burdensome. *See State Farm Mut. Automobile Ins. Co. v. Complete*

8

*Care Centers, LLC*, No. 620CV1240ORL78EJK, 2020 WL 10502620, at *2 (M.D. Fla. Nov. 24, 2020); *Miller's Ale H.*, Inc., 2015 WL 6123984, at *2; *Smith v. Integrated Cmty. Oncology Network, LLC*, No. 3:08-cv-1196-J-25MCR, 2009 WL 10670606, *2 (M.D. Fla. Nov. 19, 2009) ("The party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome."); *Weber v. Finker*, No. 3:07-mc-27-J-32MCR, 2008 WL 1771822, *5 (M.D. Fla. Apr. 15, 2008) (stating that "the party claiming undue burden 'must substantiate that position with detailed affidavits or other evidence'"); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998) ("Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. . . . A mere showing of burden and expense is not enough."). In light of the foregoing, this Court finds that discovery should proceed.

Accordingly, it is **ORDERED**:

1. The Motion to Stay (**Doc. 27**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on September 13, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record